SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

Hwei-In Huang

     Plaintiff,

v.

687 West 204th Street Corporation, 251 Seaman Owners Corp.
and The United States Internal Revenue Service.

     Defendants.

---

Index No.

FILED
FEB 16 2007
NEW YORK
COUNTY CLERKS
07-102277

# SUMMONS

**TO THE ABOVE CAPTIONED DEFENDANTS**, you are summonsed to answer the complaint served with this summons in this action. To do so you must serve a copy of your answer upon the attorney for the plaintiff listed below within twenty days of service of this summons on you personally within the State of New York. If this summons is served upon you or your agent by delivery to another person or by any means other than by personal service, you must serve your answer within thirty days after proof of service is completed. Should you fail to appear and answer judgment will be taken against you for the sums and remedies demanded in complaint.

Dated, New York, N.Y.
     March 31, 2006

                              John F. McHugh
                              6 Water Street, Suite 401
                              New York, N.Y. 10004
                              212-483-0875

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

Hwei-In Huang

        Plaintiff,

v.

687 West 204th Street Corporation, 251 Seaman Owners Corp.
and The United States Internal Revenue Service.

        Defendants.

---

Index No.

Complaint

Plaintiff by her attorney, John F. McHugh complains of the defendants as follows.

1. Plaintiff is a resident of New York County and pursuant to a Divorce Judgment entered by this Court on July 17, 2003 is the sole owner of Unit 1E in 687 West 204th Street and Unit 6B in 251 Seaman Avenue and all stock and proprietary leases related thereto, Exhibit A.

2. 687 West 204th Street Corporation. is the Corp.erative apartment corporation which owns 687 West 204th Street and on information and belief it is a duly organized Corp.erative apartment corporation in which the plaintiff is entitled to solely own shares pursuant to Judgment.

3. 251 Seaman Owners Corp. is the Corp.erative apartment complex which owns 251 Seaman Avenue and on information and belief it is a duly organized Corp.erative apartment corporation in which the plaintiff is entitled to solely own shares pursuant to Judgment.

4. The United States Internal Revenue Service is an agency of the United States located at 1111 Constitution Avenue, Washington, D.C. 20224 which has filed a tax lien

against the plaintiff's former husband, Franz Alderfer, which lien was filed on October 13, 2004, Exhibit B.

## AS AND FOR A CAUSE OF ACTION AGAINST 687 WEST 204th STREET CORP.

5. Plaintiff restates each and every allegation contained in paragraphs 1-4 above as if set forth here in full.

6. Pursuant to the Judgment dated July 17, 2003 the plaintiff is entitled to sole possession of the premises and the stock of the corporation in issue.

7. Plaintiff has been in actual sole possession of Unit 1E at 687 West 204th Street as well as the shares of stock and proprietary lease related to that unit and the plaintiff has fully discharged all obligations of ownership since July 17, 2003.

8. Despite the plaintiff's request and being presented with the Judgment of this Court, the defendant has refused to transfer the title to the premises and to remove the name of Franz Alderfer from title due to a tax lien filed by the United States against Franz Alderfer, who but for the defendant's refusal to transfer, would have no relationship with this property at all.

9. The tax lien was filed after the Judgment of July 17, 2003 and therefore has no effect on the premises as Franz Alderfer had no property interest in the premises as of October of 2004.

10. In addition to its refusal to transfer due to the tax lien the defendant further asserts terms and conditions for transfer which are unreasonable, to wit: the deposit of one year's maintenance as security.

11. Plaintiff is not a stranger to the defendant but an owner with a history of paying her obligations as they accrue. The defendant's imposition of financial terms for the transfer ordered by this Court, which are unrelated to the defendant's actual costs for the transfer, is a breach of the defendant's fiduciary obligations to the plaintiff.

12. Defendant's terms for transfer are discriminatory as they were not imposed upon the plaintiff when she purchased this apartment at a time when she was married and therefore they violate the laws of the City of New York as the requirement is imposed either due to plaintiff's marital status or because the plaintiff is a female head of household.

13. By reason of the above, the plaintiff is entitled to an order directing the defendant to transfer title to the shares associated with Unit 1E and the proprietary lease to said Unit 1E to the plaintiff without requiring a security deposit and without imposing any cost other than the actual costs incurred by the said defendant in completing the transfer.

### AS AND FOR A CAUSE OF ACTION AGANST
### 251 SEAMAN OWNERS CORP.

14. Plaintiff restates each and every allegation contained in paragraphs 1-4 above as if set forth in full here.

15. Pursuant to the judgment dated July 17, 2003 the plaintiff is entitled to sole possession of Unit 6B in 251 Seaman Avenue and of the stock of the corporation related thereto together with the proprietary lease for that apartment.

16. Despite the plaintiff's request and being presented with the Judgment of this Court the defendant has refused to transfer title to the shares of stock and the proprietary

lease to Unit 6B due to a tax lien filed against Franz Alderfer, the plaintiff's former husband.

17. The tax lien was filed after the Judgment of July 17, 2003 and therefore has no effect on the premises as Franz Alderfer had no property interest in the premises as of October of 2004.

18. By reason of the above the plaintiff is entitled to an order directing the defendant to transfer the stock related to apartment 6B and the proprietary lease to the plaintiff.

## AS AND FOR A CAUSE OF ACTION AGAINST THE UNITED STATES

19. Plaintiff realleges each and every allegation contained in paragraphs 1-18 above as if set forth here in full.

20. Prior to July 17, 2003 the plaintiff was married to Franz Alderfer and owned two Corp.eratives with him as joint tenants.

21. On July 17, 2003 a judgment was filed in New York County terminating the marriage and transferring full title to apartment 6B in 251 Seamans Avenue and Apartment 1E in 687 West 204th Street to the plaintiff.

22. Defendant filed a tax lien against Franz Alderfer on October 13, 2004.

23. Plaintiff is entitled to an order from this Court that the tax lien filed by the United States is not a lien against the property of the plaintiff, to wit title to Unit 6B in 251 Seamans Avenue and Unit 1E in 687 West 204th Street including the stock and the proprietary leases related thereto.

Wherefore the plaintiff seeks judgment in her favor and against the defendants:

1. Ordering 687 West 204th Street Cooperative to transfer ownership of the stock and proprietary lease for Unit 1E to the plaintiff without imposing any cost beyond the actual costs of the transfer.

2. Ordering 251 Seaman Owners Corp. to transfer ownership of the stock and proprietary lease to unit 6B to the plaintiff.

3. Declaring that the tax lien filed by the United States is not a lien on the property of the plaintiff, including title to apartment 6B in 251 Seamans Avenue and Apartment 1E in 687 West 204th Street and the stock and proprietary leases in issue.

Together with the costs and disbursements of this action and such other relief as the plaintiff may be entitled to by law or under the terms of the leases in issue including attorney's fees.

Dated, New York, N.Y.
March 31, 2006

                                              John F. McHugh
                                              6 Water Street
                                              New York, N.Y. 10004
                                              212-483-0875

Index No.          2006

# SUPREME COURT OF THE STATE OF NEW YORK
# COUNTY OF NEW YORK

---

Hwei-In Huang
Plaintiff,

v.

687 West 204th Street Corporation, 251 Seaman Owners Corp.
and The United States Internal Revenue Service.

Defendants.

---

SUMMONS AND COMPLAINT

FILED
FEB 16 2007
NEW YORK
COUNTY CLERK

John F. McHugh
6 Water Street
New York, N.Y. 10004
212-483-0875